IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JOSE DUPREE,

      Petitioner,                    No. 2:10-cv-2901 CKD P

     vs.

CYNTHIA A. STERLING, et al.

      Respondent.                 ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed a civil action on the form for filing a petition writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6        When considering whether a petition or complaint states a claim upon which relief
7  can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197,
8  2200 (2007), and construe the petition in the light most favorable to the plaintiff.  See Scheuer v.
9  Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than
10 those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive
11 dismissal for failure to state a claim, a pro se petition must contain more than "naked assertions,"
12 "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell
13 Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals
14 of the elements of a cause of action, supported by mere conclusory statements do not suffice."
15 Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can
16 grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial
17 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
18 inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.

19       A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is
20 challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a
21 determination that he is entitled to an immediate or speedier release from that imprisonment."
22 Preiser v. Rodgriguez, 411 U.S. 475, 500 (1973).  "[A] claim for relief in habeas corpus must
23 include reference to a specific federal constitutional guarantee, as well as a statement of the facts
24 which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 162-63 (1996).

25       Here, the petitioner does not challenge the fact or duration of his incarceration for
26 first degree murder and attempted murder.  Instead, he vaguely alleges facts of which he was

"apprised via T.V. by Jenny Toste." Petition at 3. It appears from the petition that Toste is a television newscaster. Nothing before the court indicates that she has anything at all to do with plaintiff's conviction. Although the factual details of the petition are hard to follow, it is clear that petitioner is of the delusional belief that Toste and others are involved in a conspiracy against him. Petitioner has therefore failed to specify any grounds for relief in his petition. *See* Rule 2(c), Rules Governing § 2254 Cases.

The court ordinarily grants a petitioner leave to amend an application that on its face states no cognizable claim for relief. However, in this case it is apparent that, on the facts alleged, petitioner will not be able to state a plausible legal or factual basis on which this court could order the petition served on respondent. See Iqbal, 129 S. Ct. at 1949. In such circumstances, the court's screening duty requires it to dismiss without leave to amend.

In light of the nature of petitioner's allegations, the court will direct the Clerk of Court to send a copy of the petition and this order to counsel for the plaintiff class in Coleman v. Brown, No. 2:90-cv-0520 LKK JFM.

Accordingly, IT IS HEREBY ORDERED that:

1. This action be dismissed without prejudice.

2. The Clerk of the Court is directed to send a copy of petitioner's application together with a copy of this order to Rosen, Bien and Galvan, 315 Montgomery Street, Tenth Floor, San Francisco, CA 94104.

DATED: August 3, 2011                   /s/ Carolyn K. Delaney
                                        United States Magistrate Judge

3
dupr2901.ord